UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KIMBERLY R.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1]<br><br>    Defendant. | NO. EP-23-CV-00113-LS |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of her application for disability insurance benefits and supplemental security income. I **REVERSE** and **REMAND** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with the findings below.

**I.    Facts and Proceedings.**

Plaintiff alleges she became disabled on June 29, 2017[2] because of "Fibromyalgia, Migraines, Severe Anxiety, Bipolar, PTSD, Social Anxiety, Diabetes, Sleep Apnea, and Obesity."[3] An SSA Administrative Law Judge ("ALJ") held a hearing on February 28, 2022 and heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] In an opinion dated April 26, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[5] The Appeals Council denied her request for review on October 12, 2022, making the decision of the ALJ the final decision of the Commissioner.[6]

---

[1] "SSA."
[2] R:47.
[3] R:262.
[4] R:42-67.
[5] R:22-36.
[6] R:11-13.

**II.     Discussion.**

    **A.     Legal Standards.**

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[7] Substantial evidence "is more than a mere scintilla and less than a preponderance."[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[12] The Commissioner, not the courts, must resolve conflicts in the evidence.[13] Finally, even if there is error at the ALJ level, remand to

---

[7] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[8] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[9] *Masterson*, 309 F.3d at 272.
[10] 20 C.F.R. §§ 404.1520, 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[13] *Id*.

the SSA is warranted only if the error was harmful.[14] The Plaintiff's burden is to show that the ALJ's "error was prejudicial."[15]

### B. Residual Functional Capacity.

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility for determining a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his or her past jobs.[20] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[21]

### C. The ALJ's Findings.

In this case, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus type 2, fibromyalgia, chronic pain syndrome, and obesity."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ found that Plaintiff could still perform sedentary work with numerous restrictions.[24] Although the ALJ found that Plaintiff could not perform her former jobs,[25] "there

---

[14] *Miller v. Kijakazi*, 2023 U.S. App. LEXIS 1118, at *8 (5th Cir. Jan. 18, 2023), citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).
[15] *Id*., citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (footnote omitted).
[16] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
[17] *Id*. at §§ 404.1546(c), 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2), 416.929(d)(4), 416.945(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. §§ 404.1520(e), 416.920(e).
[21] *Id*.
[22] R:26.
[23] R:27-28.
[24] R:28-34.
[25] R:34.

are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including call-out operator, telephone information clerk, and addressing clerk.[26] Accordingly, the ALJ found Plaintiff not disabled and not entitled to disability insurance benefits and supplemental security income.[27]

    **D.**    **Step 3 Error.**

Plaintiff correctly argues that the ALJ erred when she failed to discuss chronic pain syndrome at Step 3 even though she designated it one of Plaintiff's severe impairments at Step 2.[28] When a Step 3 violation has occurred, however, the court undertakes a harmless error analysis.[29] Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected[30] and remand is appropriate "only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision."[31] Plaintiff has the burden to show that her severe impairment meets or equals an impairment listed in the appendix to the regulations.[32] "For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[33]

I cannot conduct a harmless error analysis in this case because the ALJ did not consider whether Plaintiff's chronic pain syndrome, individually or in combination with another of Plaintiff's impairments, meets or equals an impairment listed in the appendix to the regulations. With no listed impairment for me to analyze, I cannot match Plaintiff's chronic pain syndrome

---

[26] R:34-35.
[27] R:35.
[28] *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).
[29] *Id*.
[30] *Id*., citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).
[31] *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).
[32] *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).
[33] *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (emphasis in original).

symptoms to any criteria.

As there is no evidence that the ALJ considered Plaintiff's chronic pain syndrome at Step 3 or that the ALJ determined that Plaintiff's chronic pain syndrome symptoms do not medically equal a listing, there is legal error. Moreover, as I am unable now to undertake a harmless error analysis, I remand for further administrative proceedings.

### E. Spinal Problems.

Plaintiff next argues the Plaintiff's spinal problems should have been deemed a severe or non-severe impairment at Step 2. As the Commissioner correctly notes, however, the ALJ devoted an entire section and paragraph to Plaintiff's spinal complaints in the Step 3 analysis[34] and incorporated them when generating Plaintiff's extraordinarily restrictive physical RFC,[35] which contemplates the use of a walker for ambulation notwithstanding Plaintiff's physical activity that the ALJ observed in the record. There is no error in this regard.

### F. Other RFC Arguments.

Plaintiff also argues that RFC should have included some mental limitations, but there is no error in this regard. The ALJ correctly noted that Plaintiff was not in counseling and that her medications were working to stabilize her mood.[36] The ALJ also noted Plaintiff's normal mental health exams with psychiatrist Dr. Martin in February 2021, March 2021, and April 2021.[37] Finally, Plaintiff fails to explain how the ALJ's use of two allegedly "confusing" terms when questioning the VE affected the RFC analysis.

---

[34] R:28.
[35] R:31.
[36] R:30, citing 870.
[37] *Id.*, citing R:984-85(February 2021), R:975-77 (March 2021), and R:970-71 (April 2021).

**Conclusion**

The Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with the findings above.

**SIGNED** and **ENTERED** March 31, 2024.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**